IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| AML IP, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. C. PENNEY CORPORATION INC.,<br><br>　　　　Defendant. | Case No. 6:21-cv-00522-ADA<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

### DEFENDANT PENNEY OPCO LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Penney OpCo LLC d/b/a JCPenney ("Penney OpCo" or "Defendant") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff AML IP LLC's ("Plaintiff" or "AML IP") First Amended Complaint for Patent Infringement ("Complaint"). Penney OpCo denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

## PARTIES

1.　Penney OpCo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies all such allegations.

2.　Penney OpCo admits that it was formed under the laws of Virginia and that it has a principal place of place of business at 2401 S. Stemmons Freeway, Suite 4000, Lewisville, TX 75067.

3.　Penney OpCo admits that it may be served through its registered agent CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136. Penney OpCo further

---

[1] For avoidance of doubt, Penney OpCo denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

admits that it sells and offers to sell products and services throughout Texas. Penney OpCo denies it has committed or is committing acts of infringement within this district or elsewhere and, on that basis, denies the remaining allegations of Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Penney OpCo admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 271, *et seq*. Penney OpCo admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Penney OpCo does not contest that the Court has personal jurisdiction over it in this case. Penney OpCo admits that it conducts business in the State of Texas. Penney OpCo denies it has committed or is committing acts of infringement within this district or elsewhere and, on that basis, denies the remaining allegations of Paragraph 5 of the Complaint.

6. Penney OpCo denies that venue is proper in this case. Penney OpCo denies it has committed or is committing acts of infringement within this district or elsewhere and, on that basis, denies the remaining allegations of Paragraph 6 of the Complaint.

## COUNT I: [ALLEGED] INFRINGEMENT OF THE '979 PATENT

7. Penney OpCo admits that a purported copy of U.S. Patent No. 6,876,979 (the "'979 Patent") is attached to the Complaint as Exhibit A and that the face of that patent indicates that it is entitled "Electronic Commerce Bridge System." Penney OpCo denies the '979 Patent is valid and enforceable. Penney OpCo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint.

8. Penney OpCo denies the allegations in Paragraph 8 of the Complaint.

9. Penney OpCo denies the allegations in Paragraph 9 of the Complaint.

10. Penney OpCo denies the allegations in Paragraph 10 of the Complaint.

11. Penney OpCo denies the allegations in Paragraph 11 of the Complaint.

12. Penney OpCo denies the allegations in Paragraph 12 of the Complaint.

13.     Penney OpCo denies the allegations in Paragraph 13 of the Complaint.

## [PLAINTIFF'S] PRAYER FOR RELIEF

Penney OpCo denies the Plaintiff is entitled to any relief from Penney OpCo and denies all the allegations contained in Paragraphs (a)-(g) (including any subparts) of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Penney OpCo's Affirmative Defenses are listed below. Penney OpCo reserves the right to amend its answer to add additional Affirmative Defenses consistent with facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

Penney OpCo has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '979 Patent.

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '979 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the '979 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Penney OpCo's actions allegedly infringe the '979 Patent, Penney OpCo is not liable to Plaintiff for the acts alleged to have been performed before Penney OpCo received actual notice that it was allegedly infringing the '979 Patent.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that Penney OpCo indirectly infringes, either by contributory infringement or inducement of infringement, Penney OpCo is not liable to Plaintiff

for the acts alleged to have been performed before Penney OpCo knew that its actions would cause indirect infringement.

## FIFTH AFFIRMATIVE DEFENSE

The claims of the '979 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Penney OpCo.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the '979 Patent does not claim patent eligible subject matter under 35 U.S.C. § 101.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any system employed or process practiced by Penney OpCo uses a bridge computer to allow a user at a user device to make a product purchase at a purchase price from a given vendor having a web site provided by a vendor computer over a communications network, wherein the vendor is associated with at least one of a plurality of service providers wherein each of the plurality of service providers has a service provider computer, and wherein the user has a user account maintained by at least one of the plurality of service providers, or comprises: "debiting the user's account by the purchase price when the user purchases the product from the given vendor"; "determining from among the plurality of service providers, using the bridge computer, whether the given vendor is associated with the same service provider with which the user's account is maintained or is associated with a different service provider"; and "if the service provider with which the user's account is maintained is the same as the service provider with which the vendor is associated, crediting the given vendor

by the purchase price using funds from the user's account at that same service provider and, if the service provider with which the user's account is maintained is different from the service provider with which the vendor is associated, crediting the given vendor by the purchase price using funds from the service provider with which the vendor is associated and using the bridge computer to reimburse that service provider with the purchase price using funds from the user's account" as required by Claim 1 of the '979 Patent.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the asserted patent, from asserting any interpretation of any valid, enforceable claims of the '979 Patent that would be broad enough to cover any accused product alleged to infringe the asserted patent, either literally or by application of the doctrine of equivalents.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and 287. Plaintiff is further barred under 35 U.S.C. § 288 from recovering costs associated with its action.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering its reasonable attorney's fees, costs, and or increased damages under 35 U.S.C. §§ 284 or 285.

## TWELFTH AFFIRMATIVE DEFENSE

Should Penney OpCo be found to infringe any valid, enforceable claim of the '979 Patent, such infringement was not willful.

## PENNEY OPCO'S COUNTERCLAIMS

For its counterclaims against Plaintiff AML IP Licensing LLC ("AML IP"), Counterclaim Plaintiff Penney OpCo LLC ("Penney OpCo") alleges as follows:

## PARTIES

1. Counterclaim Plaintiff Penney OpCo's current principal place of business is 2401 S. Stemmons Freeway, Suite 4000, Lewisville, TX 75067.

2. Upon information and belief based solely on Paragraph 1 of the First Amended Complaint as pled by Plaintiff, Counterclaim Defendant AML IP, LLC is a Texas Limited Liability Company with its principal place of business located in Harris County, Texas.

## JURISDICTION

3. Penney OpCo incorporates by reference Paragraphs 1–2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. AML IP has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based on AML IP's allegations above and filing of this action, venue is proper for purposes of these counterclaims in this District under 28 U.S.C. §§ 1391.

## COUNT I

## DECLARATION REGARDING NON-INFRINGEMENT OF THE '979 PATENT

7. Penney OpCo incorporates by reference Paragraphs 1–6 above.

8. Based on AML IP's filing of this action and at least Penney OpCo's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Penney OpCo infringes U.S. Patent No. 6,876,979 (the "'979 Patent").

9. Penney OpCo does not infringe at least Claim 1 of the '979 Patent because, *inter alia*, the accused system does not use a bridge computer to allow a user at a user device to make a

product purchase at a purchase price from a given vendor having a web site provided by a vendor computer over a communications network, wherein the vendor is associated with at least one of a plurality of service providers wherein each of the plurality of service providers has a service provider computer, and wherein the user has a user account maintained by at least one of the plurality of service providers, or comprises: "debiting the user's account by the purchase price when the user purchases the product from the given vendor"; "determining from among the plurality of service providers, using the bridge computer, whether the given vendor is associated with the same service provider with which the user's account is maintained or is associated with a different service provider"; and "if the service provider with which the user's account is maintained is the same as the service provider with which the vendor is associated, crediting the given vendor by the purchase price using funds from the user's account at that same service provider and, if the service provider with which the user's account is maintained is different from the service provider with which the vendor is associated, crediting the given vendor by the purchase price using funds from the service provider with which the vendor is associated and using the bridge computer to reimburse that service provider with the purchase price using funds from the user's account" as required by Claim 1 of the '979 Patent.

10.  Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Penney OpCo requests a declaration by the Court that Penney OpCo has not infringed and does not infringe any claim of the '979 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## COUNT II
## DECLARATION REGARDING INVALIDITY

11.  Penney OpCo incorporates by reference Paragraphs 1–10 above.

12.  Based on AML IP's filing of this action and at least Penney OpCo's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '979 Patent.

13. The asserted claims of the '979 Patent are anticipated and/or rendered obvious by, *inter alia*, Japanese Patent No. JP2000505568A, Korean Patent No. KR20000006727A, French Patent No. WO2000039727A2, U.S. Patent Nos. US 5,745,681, 5,897,621, 5,897,622.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Penney OpCo requests a declaration by the Court that the claims of the '979 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, Penney OpCo asks this Court to enter judgment in Penney OpCo's favor and against AML IP by granting the following relief:

a) a declaration that the '979 Patent is invalid;

b) a declaration that Penney OpCo does not infringe, under any theory, any valid claim of the '979 Patent that may be enforceable;

c) a declaration that AML IP take nothing by its Complaint;

d) judgment against AML IP and in favor of Penney OpCo;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Penney OpCo of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

## JURY DEMAND

Penney OpCo hereby demands trial by jury on all issues.

Dated: August 10, 2021											Respectfully submitted,

**FISH & RICHARDSON P.C.**

By: */s/ Lance Wyatt*
Neil J. McNabnay
Texas Bar No. 24002583
mcnabnay@fr.com
David Conrad
Texas Bar No. 24049042
conrad@fr.com
Lance Wyatt
Texas Bar No. 24093397
wyatt@fr.com

FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 10, 2021, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ *Lance Wyatt*
Lance Wyatt